## **EXHIBIT B**

**Douglas Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This settlement agreement and mutual release ("Settlement Agreement") is made and entered into by and between: (i) George L. Miller, not individually, but solely in his capacity as chapter 7 trustee ("Trustee") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "Debtors") and (ii) Douglas Pharmaceuticals America Ltd. ("Defendant"). Hereinafter, the Trustee and Defendant are each referred to as a "Party" or collectively as the "Parties."

**WHEREAS**, on February 23, 2023, each of the Debtors filed a voluntary petition for relief under chapter 7, title 11 of the United States Code, 11 U.S.C. §§ 101–1532 as amended, ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), and are jointly administered under the bankruptcy case number 23-10253 (KBO) ("Chapter 7 Cases");

**WHEREAS**, Defendant filed Proof of Claim 347-1 in Case 23-10255-KBO in the amount of $3,159,176.00 (the "Proof of Claim");

**WHEREAS**, on February 10, 2025, a complaint styled *George L. Miller v. Douglas Pharmaceuticals* ("Complaint") was filed in the Bankruptcy Court thereby commencing Adversary Case No. 25-50127 (KBO) ("Adversary Proceeding");

**WHEREAS**, in the Adversary Proceeding, the Trustee, on behalf of the Debtors' estates, asserted certain claims against Defendant for (i) the return of payments received by the Defendant pursuant to sections 547, 548 and 550 of the Bankruptcy Code and (ii) the disallowance of any claim that Defendant has filed or asserted against the Debtors in the Chapter 7 Cases pursuant to sections 502(d) and (j) of the Bankruptcy Code;

**WHEREAS**, in the Adversary Proceeding, the Trustee demanded the return of $1,028,488.25 from Defendant ("Claims");

**WHEREAS**, following good faith, arms' length negotiations and in order to avoid the cost and uncertainty of litigation, the Parties desire to resolve the Claims on the terms set forth herein.

## AGREEMENT

**NOW THEREFORE,** for good and valuable consideration, the sufficiency of which the Parties acknowledge, the Parties stipulate and agree as follows:

1.      **Recitals**. All the foregoing recitals are incorporated into this Settlement Agreement as if fully set forth herein.

2.      **Court Approval.** This Settlement Agreement, and the obligations of the Parties to perform hereunder, shall become effective only upon entry of a final and non-appealable order of the Bankruptcy Court approving the Settlement Agreement ("Approval Order"). Upon execution of the Settlement Agreement, the Trustee shall, through his counsel, promptly file an appropriate motion seeking entry of the Approval Order.

3.   **Partial Allowance of Filed Proof of Claim.** Upon entry of the Approval Order, Defendant waives $1,159,176.00 of the amount asserted in its Proof of Claim, without the necessity of any objection, amended claim or other filing, which amount is thereby disallowed. Upon entry of the Approval Order, the Trustee further agrees that the remainder of the Proof of Claim is allowed as a general unsecured claim in the amount of $2,000,000.00. Defendant agrees to execute any and all documents needed and requested by the Trustee to effectuate these transactions.

4.   **Payment of Allowed Proof of Claim.** As soon as reasonably practical after the entry of the Approval Order, the Trustee will make an interim distribution of 19.2% of the amount of Defendant's allowed claim, the same interim treatment provided to other allowed unsecured claims.

5.   **Dismissal of Adversary Proceeding.** Within ten (10) business days of receipt of the entry of the Approval Order, the Trustee will dismiss the Adversary Proceeding, subject to the terms of this Settlement Agreement, and without costs other than as set forth herein.

6.   **No Admission of Liability.** The Parties each acknowledge that the settlement of the Claims constitutes a resolution of the Parties' disputes regarding the Claims, and that nothing contained in this Settlement Agreement is a concession or admission of any liability or wrongdoing by either Party.

7.   **Trustee's Release.** Effective immediately upon the entry of the Approval Order, the Trustee on behalf of the Debtors and the Debtors' estates shall forever discharge Defendant of and from any and all manners of action, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which the Trustee, the Debtors, or the Debtors' estates, now have, or can, shall or may have at any time against Defendant arising under 11 U.S.C. § 544 through 11 U.S.C. § 550 or in connection with the Claims. This provision does not release Defendant from its obligations under this Settlement Agreement.

8.   **Defendant's Release.** Effective immediately upon the entry of the Approval Order, Defendant, on behalf of itself and its successors and assigns, shall forever discharge (i) the Trustee and all of his representatives, agents and professionals, and their respective successors and assigns and (ii) the Debtors and the Debtors' estates, of and from any and all manner of actions, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which Defendant, now has, or can, shall or may have at any time against the Trustee, the Debtors, or the Debtors' estates in connection with the Claims. This provision does not release the Trustee from his obligations under this Settlement Agreement or, for the avoidance of doubt, with respect to any distributions to be made to Defendant pursuant to the allowed portion of the Proof of Claim as set forth in paragraph 3 above.

2

9.     **No Assignment of Claim.** The Trustee represents and warrants that he has made no assignment of his rights under the Adversary Proceeding, and hereafter will make no assignment, of any claim, cause of action, right of action, or any other right released pursuant to the terms of this Settlement Agreement.

10.     **Confidentiality.** The Parties agree that the negotiations leading to this Settlement Agreement have been and remain confidential. The Parties shall not disclose any statement made during negotiations except as may be necessary to obtain the Bankruptcy Court's approval of this Settlement Agreement, to prepare financial statements or tax returns, or to comply with applicable law or by valid order of a court of competent jurisdiction, including as may be required to comply with a Party's obligation to report transactions to appropriate governmental, taxing, or registering agencies. If any Party or its representatives, directors, officers, shareholders, attorneys, insurers, employees, agents, subsidiaries, parents and related entities, predecessors, successors, or assigns receives an inquiry from the press or otherwise about this Settlement Agreement, such person shall respond that *"the matter has been resolved."*

11.     **Fees and Costs.** Except as provided in this Settlement Agreement, the Parties shall each be responsible for their own attorneys' fees and costs arising from the Adversary Proceeding, including those associated with negotiation, preparation, and implementation of this Settlement Agreement.

12.     **Terms and Conditions.** The Parties have each read the Settlement Agreement in its entirety and represent and warrant (a) that the Settlement Agreement, including each term and provision, as memorialized herein, has been explained to them by their legal counsel and (b) that each understands all of the terms, obligations, releases, and other provisions of the Settlement Agreement.

13.     **Authority.** The Parties each represent and warrant that they are duly authorized to execute this Settlement Agreement and that each intends to be legally bound by all provisions of this Settlement Agreement; provided, however, that the Trustee's authorization is subject to Bankruptcy Court approval, and this Settlement Agreement shall become effective upon the Approval Order becoming effective.

14.     **Execution.** This Settlement Agreement may be executed in one or more counterparts, including by PDF or facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

15.     **Entire Agreement.** This Settlement Agreement is a fully integrated agreement and constitutes the entire agreement and understanding between the Parties regarding the subject matter hereof. Each Party acknowledges that this Settlement Agreement controls over the Parties' prior discussions and negotiations.

16.     **Modification.** Except as expressly set forth herein, this Settlement Agreement may not be amended except by a writing signed by all Parties.

17.     **Conversion.** The Approval Order shall survive conversion of the Chapter 7 Cases to any other Chapter of the Bankruptcy Code.

18.     **Jurisdiction.**  The Parties acknowledge and agree that the Bankruptcy Court shall have jurisdiction over the Parties and the subject matter hereof to resolve all disputes arising from or related to the Claims and this Settlement Agreement.

19.     **Choice of Law.**  This Settlement Agreement shall be governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

20.     **Construction.**  Each party represents and warrants that it has had an opportunity to fully review the provisions of this Settlement Agreement, as a result, the Parties hereto acknowledge and agree that (a) any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Settlement Agreement; and (b) each party signing this Settlement Agreement is entering into this Settlement Agreement knowingly, voluntarily, and of his, her or its free will.

**WHEREFORE**, the Parties execute this Settlement Agreement this *16* day of October, 2025.

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

By: _George L. Miller_ 10/16/2025

George L. Miller
*Not individually but solely in his capacity as Chapter 7 trustee for the
bankruptcy estates of Akorn Holding Company LLC,
Akorn Intermediate Company LLC, and Akorn Operating Company LLC*

**DOUGLAS PHARMACEUTICALS AMERICA LTD.**

By: _____
Its: _____
*Authorized Representative*

4

18.  **Jurisdiction.** The Parties acknowledge and agree that the Bankruptcy Court shall have jurisdiction over the Parties and the subject matter hereof to resolve all disputes arising from or related to the Claims and this Settlement Agreement.

19.  **Choice of Law.** This Settlement Agreement shall be governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

20.  **Construction.** Each party represents and warrants that it has had an opportunity to fully review the provisions of this Settlement Agreement, as a result, the Parties hereto acknowledge and agree that (a) any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Settlement Agreement; and (b) each party signing this Settlement Agreement is entering into this Settlement Agreement knowingly, voluntarily, and of his, her or its free will.

**WHEREFORE**, the Parties execute this Settlement Agreement this ___ day of October, 2025.

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

By: _____
George L. Miller
*Not individually but solely in his capacity as Chapter 7 trustee for the*
*bankruptcy estates of Akorn Holding Company LLC,*
*Akorn Intermediate Company LLC, and Akorn Operating Company LLC*

**DOUGLAS PHARMACEUTICALS**

By: _____
Its: _____
*Authorized Representative*

Jeff Douglas
Managing Director

4