# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Related D.I.: 1504 & 1515** |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS PHARMACEUTICALS,<br><br>Defendant. | Adv. Proc. No. 25-50127 (KBO)<br><br>**Related Adv. D.I.: 4 & 5** |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>EMPIRE FREIGHT LOGISTICS,<br><br>Defendant. | Adv. Proc. No. 25-50248 (KBO)<br><br>**Related Adv. D.I.: 17 & 18** |

## ORDER APPROVING THE SETTLEMENTS BETWEEN THE TRUSTEE AND DOUGLAS PHARMACEUTICALS AMERICA LTD., AND BETWEEN THE TRUSTEE AND EMPIRE FREIGHT LOGISTICS

Upon consideration of the *Motion for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving the Settlement Between the Trustee and Douglas Pharmaceuticals America Ltd., and Between the Trustee and Empire Freight Logistics*

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

(the "Motion")² filed by George L. Miller, in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "Debtors"); and the Court finding that it has jurisdiction over this Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED**:

1. The Motion is GRANTED as set forth herein.

2. The Settlement Agreements, attached to the Motion as Exhibit B and Exhibit C, are hereby approved.

3. For the avoidance of doubt, the Trustee is authorized to enter into and take all actions necessary to effectuate the Settlement Agreements and the relief granted pursuant to this Order, including making an interim distribution to Douglas of 19.2% of the allowed portion of the Douglas Proof of Claim.

---

² Capitalized terms used but not defined herein are defined in the Motion.

4.  This Order is effective immediately upon entry, notwithstanding anything to the contrary in the Bankruptcy Rules or the Local Rules.

5.  This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: November 25th, 2025
Wilmington, Delaware

KAREN B. OWENS
CHIEF JUDGE